# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ROBERT ONSTOTT,<br><br>  Plaintiff,<br><br>v.<br><br>CARRIZO OIL & GAS, INC., CALLON PETROLEUM COMPANY, and CALLON PETROLEUM OPERATING COMPANY,<br><br>  Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1.  Robert Onstott (Onstott) brings this lawsuit against Defendants Carrizo Oil & Gas, Inc. (Carrizo), Callon Petroleum Company, and Callon Petroleum Operating Company (the Callon Defendants, collectively, "Callon") (Carrizo and Callon, collectively, "Defendants") alleging Defendants unlawfully discharged him in retaliation for his complaint of Defendants' violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq*.

### JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4.  Defendants conduct substantial business operations in this District and Division.

5.  Defendants maintain their corporate headquarters in this District and Division.

### THE PARTIES

6.  From approximately July 2012 until March of 2020, Onstott worked for Defendants as a wellsite supervisor.

7. Defendant Carrizo Oil & Gas, Inc. may be served through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

8. Defendant Callon Petroleum Company may be served through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

9. Defendant Callon Petroleum Operating Company may be served through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

10. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

13. Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as oilfield equipment, hand tools, computers, automobiles, and cell phones.

14. Defendants' annual gross volume of sales made or business done has exceeded $1,000,000.00 in each of the past three years.

15. At all relevant times hereinafter mentioned, Onstott was engaged in commerce or in the production of goods for commerce.

## FACTS

16. Carrizo operates throughout the United States, and is headquartered in Houston,

Texas.

17. Callon operates throughout the United States, and is headquartered in Houston, Texas.

18. In December of 2019, Carrizo and Callon merged.

19. In order to create the goods, and provide the services, Defendants market to their customers, Defendants employ oilfield personnel like Onstott.

20. Defendants paid Onstott a day rate with no overtime compensation.

21. On July 17, 2020, Onstott filed his Notice of Consent to Join, joining an FLSA collective action against Defendants styled as *Chisum v. Carrizo oil & Gas, Inc., et al.*, Case No. 4:20-cv-00051, currently pending before Judge David Counts in the Western District of Texas (the FLSA Action).

22. By joining the FLSA Action, Onstott claimed Defendants violated the FLSA by misclassifying him as an independent contractor and paying him a day rate with no overtime.

23. Even after, Onstott filed his consent, he was set to return to work with Defendants.

24. On August 4, 2020 and after the FLSA Action was filed, Defendants sent an email to its drilling and completion consultants instructing them to sign a new "Dispute Resolution Agreement" if they wanted to work for Defendants. *See* Ex. 1 (email regarding Dispute Resolution Agreement); Ex. 2 (Dispute Resolution Agreement).

25. Onstott did not sign the Dispute Resolution Agreement.

26. Onstott expected to earn his regular day rate of $1,425.00/day.

27. Throughout his tenure with Defendants, Defendants scheduled Onstott to work a 2-weeks-on/2-weeks-off schedule until the completion of any project. Sometimes Onstott would work more than two weeks on.

28. Defendants retaliated and withheld work from Onstott because he elected to participate in the FLSA Action and did not execute the Dispute Resolution Agreement. Ex. 3, ¶24

(Declaration of Bob Onstott).

29. Defendants rescinded their offer for Onstott to work because he did not sign the Dispute Resolution Agreement which would abridge his rights to participate in the collective action. *Id.*

30. Thus, Defendants terminated Onstott due to his involvement in the FLSA Action.

31. Due to Defendants' retaliatory termination, Onstott not only lost his livelihood, but also (1) is now being blackballed by former coworkers he has known and worked alongside for years; and (2) his reputation in the industry has been negatively impacted.

32. Onstott has experienced mental anguish and emotional distress.

### CAUSE OF ACTION – RETALIATION FOR REPORTING FLSA VIOLATIONS

33. Onstott complained of Defendants' FLSA violations by joining the FLSA Action.

34. Defendants subsequently discharged Onstott in retaliation for his complaint of violations of the FLSA through his involvement in the FLSA Action in violation of 29 U.S.C. § 215(a)(3).

35. As a result of Defendants' unlawful retaliation against Onstott, specifically terminating him, Onstott has suffered damages, including but not limited to loss of employment, loss of past and future pay, loss of past and future earning capacity, and mental anguish.

36. Defendants' retaliatory actions against Onstott for his protected conduct were wanton and malicious and in willful derogation of Defendants' protected rights under the FLSA.

37. Accordingly, Onstott is entitled to past and future lost wages, plus treble (mental anguish) damages, and attorneys' fees and costs.

### JURY DEMAND

38. Onstott hereby demands a trial by jury.

**RELIEF SOUGHT**

39. WHEREFORE, Onstott prays for judgment against Defendants as follows:

    a. For an Order finding Defendants liable for Onstott's lost past and future wages;

    b. For an Order finding Defendants liable for mental anguish (treble) damages;

    c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed. Id. 1093163
Texas Bar No. 24078444
**Richard M. Schreiber**
Fed Id. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**
